UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

Wayne S. Ainsworth,
    Claimant

    v.                                    Civil No. 09-cv-286-SM
                                          Opinion No. 2010 DNH 105

Michael J. Astrue, Commissioner,
Social Security Administration,
    Defendant

**O R D E R**

Pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), claimant, Wayne Ainsworth, moves to reverse the Commissioner's decision denying his application for Social Security Disability Insurance Benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 423, and Supplemental Security Income Benefits under Title XVI of the Act, 42 U.S.C. §§ 1381-1383c. The Commissioner objects and moves for an order affirming his decision.

**Factual Background**

I.  Procedural History.

On June 15, 2004, claimant filed an application for Disability Insurance Benefits and Supplemental Security Income Benefits under Titles II and XVI of the Act, alleging that he had been unable to work since December 31, 1999, due to diabetes and

back disorders. His application was denied and he requested a hearing before an Administrative Law Judge ("ALJ").

A hearing was held and, on June 12, 2006, the ALJ issued an unfavorable decision, concluding that claimant was not disabled. Claimant appealed that decision to this court. Subsequently, however, the parties jointly submitted a motion seeking remand to the ALJ, so that he might give additional consideration to the opinions of claimant's treating sources and claimant's residual functional capacity.

On November 14, 2007, claimant, his attorney, a vocational expert, and a medical expert (who testified by telephone) appeared before the ALJ. On January 30, 2008, the ALJ issued his written decision, concluding that claimant retained the residual functional capacity to perform the physical and mental demands of light work, with some limitations on standing, climbing stairs, and using arm controls to push or pull. Accordingly, the ALJ concluded that claimant was not disabled, as that term is defined in the Act, at any time prior to the date of his decision.

Claimant sought review of the ALJ's decision by the Appeals Council, which denied his request. As a result, the ALJ's denial of claimant's application for benefits became the final decision

of the Commissioner, subject to judicial review. Subsequently, claimant filed a timely action in this court, asserting that the ALJ's decision is not supported by substantial evidence and seeking a judicial determination that he is disabled within the meaning of the Act. Claimant then filed a "Motion for Order Reversing Decision of the Commissioner" (document no. 13). In response, the Commissioner filed a "Motion for Order Affirming the Decision of the Commissioner" (document no. 15). Those motions are pending.

II.  Stipulated Facts.

Pursuant to this court's Local Rule 9.1(d), the parties have submitted a statement of stipulated facts which, because it is part of the court's record (document no. 16), need not be recounted in this opinion. Those facts relevant to the disposition of this matter are discussed as appropriate.

**Discussion**

I.  Background - The ALJ's Findings.

In concluding that Mr. Ainsworth was not disabled within the meaning of the Act, the ALJ properly employed the mandatory five-step sequential evaluation process described in 20 C.F.R. §§ 404.1520 and 416.920. Accordingly, he first determined that claimant had not been engaged in substantial gainful employment

3

since December 31, 1999, the alleged onset date of his disability. Next, he concluded that claimant suffers from the following impairments: "diabetes mellitus, polyneuropathy, hypertension, Hepatitis C, ASCVD with Class I Angina pectoris, hyperlipidemia, headaches, herniated nucleus pulposus at C5-6 with radiculopathy and subsequent spinal stenosis, degenerative joint disease in the thumbs and wrists, right knee torn meniscus, mild degenerative disc disease in the lumbar spine, hemorrhoids, and obesity." Administrative Record ("Admin. Rec.") at 474. Nevertheless, the ALJ determined that those impairments, regardless of whether they were considered alone or in combination, did not meet or medically equal one of the impairments listed in Part 404, Subpart P, Appendix 1. Id. Claimant does not challenge any of those findings.

Next, the ALJ concluded that claimant retained the residual functional capacity ("RFC") to perform the exertional demands of light work. He noted, however, that claimant's RFC was limited by the following factors: "he is unable to climb stairs more than occasionally, cannot climb ladders at all, and cannot use arm controls to push/pull." Admin. Rec. at 475. The ALJ also concluded that "claimant is able to sit and stand and/or walk for a total of 6 hours each in an eight-hour work day, but while seated needs to have the opportunity to stand for a few minutes

to stretch and then sit back down again." Id. In light of those restrictions, the ALJ concluded that claimant was not capable of returning to any past relevant work. Id. at 481.

Finally, at step five of the sequential analysis, the ALJ considered whether there were any jobs in the national economy that claimant might perform. Relying upon the testimony of a vocational expert, as well as his own review of the medical record, and using the Medical-Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2, tables 1-3, (also known as the "Grid") as a framework for his decision, the ALJ concluded that, notwithstanding claimant's exertional limitations, he "has acquired work skills from past relevant work that are transferable to other occupations with jobs existing in significant numbers in the national economy." Admin. Rec. at 481. Consequently, the ALJ concluded that claimant was not "disabled," as that term is defined in the Act, through the date of his decision. Id. at 482.

II. Claimant's Challenges to the ALJ's Adverse Decision.

In support of his motion to reverse the decision of the Commissioner, claimant raises three issues. He asserts that the ALJ erred, first, by taking testimony from the independent medical expert (Dr. Axline) via telephone; second, by failing to

give appropriate weight to the opinions of Dr. Pascal and Dr. Regan; and, finally, by ascribing too much weight to the RFC opinion of Dr. Meader.  The first of those three is dispositive of the parties' current dispute.

    A.   <u>Telephonic Testimony and The Parties' Respective Positions</u>.

The Social Security Hearings, Appeals and Litigation Law Manual ("HALLEX") assumes that administrative law judges will obtain expert medical or vocational testimony through alternate means.  Specifically, it provides that:

> Before scheduling a hearing, the ALJ or the HO staff under the ALJ's direction must review all of the evidence to determine if additional evidence is needed to inquire fully into the matters at issue.  If this review indicates that ME [medical expert] or vocational expert (VE) opinion is needed, the ALJ must obtain the opinion by requesting an ME or VE to either testify at a hearing or provide answers to written interrogatories.
>
> The preferred method for obtaining ME or VE opinion is through in-person testimony or testimony taken via telephone or video teleconference at a hearing.

<u>Id</u>. at I-2-5-30, 1994 WL 637367 (Sept. 28, 2005).  Claimant asserts, however, that the HALLEX provision approving of telephonic testimony by a medical expert is contrary to the governing Social Security regulations, which authorize only two methods for taking such testimony: in person or, under limited circumstances, via video teleconferencing.  <u>See</u> 20 C.F.R.

§ 404.950 ("Witnesses may appear at a hearing in person or, when the conditions in § 404.936(c) exist, by video teleconferencing."). See also 20 C.F.R. § 404.936(c) (authorizing the ALJ to determine whether any individual who is to appear at the hearing shall do so personally or by video teleconferencing).

The Social Security regulations do not directly authorize or preclude telephonic testimony from a party, fact witness, or expert. Not surprisingly, the parties disagree about the significance of the regulatory silence. Because the regulations do not speak to the issue, the government says the HALLEX provisions authorizing telephonic testimony govern. Claimant, on the other hand, asserts that because the regulations do not specifically authorize telephonic testimony, the practice is necessarily barred.

    B.    <u>Precedent in this Area is Sparse</u>.

The admissibility of telephonic testimony at a Social Security administrative hearing is an issue that has rarely been discussed in reported cases. The court of appeals for this circuit has not considered the issue, and claimant has not pointed to precedent from other circuits that considered whether telephonic medical expert testimony may be considered, or the

related question of whether the HALLEX provisions conflict with Social Security regulations.[1]

To be sure, a number of courts have acknowledged, in passing, situations in which an ALJ allowed the admission of expert medical testimony by telephone. But, those courts did not consider whether that practice is consistent with the governing regulations. See, e.g., Lewis v. Astrue, 498 F.3d 909, 910 (9th Cir. 2007) (noting, without further comment, that "Irwin Weinreb, M.D., an internist, testified by telephone as a medical expert"); Candelario v. Barnhart, 166 Fed. Appx. 379, 382 (10th Cir. 2006) (noting that the medical expert testified by telephone). The court is aware of only one case in which a reviewing court considered whether a Social Security claimant's due process rights were violated when an ALJ admitted expert medical

---

[1] The court is aware of one unpublished opinion in which a magistrate judge recommended that the court hold an ALJ's admission of telephonic testimony by a vocational expert to be inconsistent with the governing Social Security regulations. Palaschak v. Astrue, 2009 WL 6315324, No. 08-cv-1172 (N.D.N.Y. Nov. 18, 2009). Importantly, however, much of the magistrate judge's reasoning rested on the unique role played by the vocational expert and the importance of his or her ability to actually observe the claimant in person. An expert medical consultant, who has simply been asked to review a claimant's medical records and offer professional opinions based exclusively upon those documents, occupies a significantly different position. Parenthetically, the court also notes that the magistrate judge in Palaschak concluded that, given the circumstances of that case, it was harmless error for the ALJ to have taken the vocational expert's testimony by telephone.

testimony presented telephonically.  See Hepp v. Astrue, 511 F.3d 798 (8th Cir. 2008) (concluding that claimant's constitutional rights were not violated by the ALJ's admission of a medical expert's telephonic testimony).

    C.    Remand is Warranted in this Case.

Dr. Axline's expert opinion unarguably played a critical part in the ALJ's determination that claimant was not disabled. The very reason this matter was remanded (by agreement of the parties) to the ALJ was so that he might be permitted to "further consider the weight attributed to all medical source opinion evidence of record and reassess [claimant's] residual functional capacity, including a function-by-function evaluation of his exertional and nonexertional capabilities." Assented-to Motion to Remand, Admin. Rec. at 491. See also Order of Appeals Council Remanding Case to Administrative Law Judge, Admin. Rec. at 500. In resolving the discrepancy(ies) between the various medical opinions of record, the ALJ afforded "great weight" to Dr. Axline's testimony. Amin. Rec. at 475. Accordingly, to the extent it was error to admit Dr. Axline's testimony via telephone, the court cannot conclude that it was harmless.

Additionally, as claimant points out, the transcript of Dr. Axline's testimony contains many gaps (shown in the record as

9

"[INAUDIBLE]"), when his testimony could not be transcribed. Some of those gaps are inconsequential. Others, however, make it difficult to understand exactly what Dr. Axline was saying and/or to discern the basis for his expert opinions. At least arguably, then, the Commissioner has not met his obligation to provide a copy of the "transcript of the record including the evidence upon which the findings and decision complained of are based." 42 U.S.C. § 405(g). See also Dandeneau v. Heckler, 607 F. Supp. 583, 584 (D. Me. 1985) ("The Secretary has the burden of compiling and filing a transcript of the record 'including the evidence upon which the findings and decision complained of are based.' 42 U.S.C. § 405(g). By offering this woefully defective transcript, the Secretary has utterly failed to fulfill her statutory obligation.").

Finally, the practice of accepting critical testimony via telephone is not universally applauded. And, interestingly (if not ironically), as recently as 2007, the Association of Administrative Law Judges was highly critical of a proposal to permit telephonic hearings.

> We have strongly opposed the introduction of telephone hearings (proposed rules 20 C.F.R. §§ 404.936(c), 416.1436(c)). A telephone hearing does not provide for the due process required for a constitutional hearing, the hearing required by the Social Security Act, or the procedure provided for by the Administrative Procedure Act. A telephone hearing adversely affects the ability

>    of the administrative law judge to ascertain the
>    identity of the participants and to determine the
>    credibility of either the claimant or the witnesses
>    because their demeanor cannot be observed by the judge.

<u>Comments of the Association of Administrative Law Judges Regarding Social Security Administration Notice of Proposed Rulemaking</u>, available at http://www.aalj.org/pdf/ 08d003.pdf (Oct. 29, 2007).

Here, whether the practice of accepting expert testimony by telephone is or is not authorized by the governing regulations, remand is required.  The circumstances presented in this case, viewed as a whole, counsel strongly in favor of remanding the matter so: (1) the ALJ can obtain the required expert medical testimony in an appropriate manner; (2) a complete record of that testimony can be prepared for use on appeal; and (3) the bases of those critical expert medical opinions will be discernible.

## Conclusion

For the foregoing reasons, the Commissioner's motion to affirm his decision (document no. 15) is denied and the claimant's motion to reverse (document no. 13) is granted to the extent it seeks remand to the ALJ.

Pursuant to Sentence Four of 42 U.S.C. § 405(g), this matter is hereby remanded to the ALJ for further proceedings consistent with this order. The Clerk of Court shall enter judgment in accordance with this order and close the case.

**SO ORDERED.**

_____
Steven J. McAuliffe
United States District Judge

June 17, 2010

cc: Francis M. Jackson, Esq.
    Karen B. Fitzmaurice, Esq.
    Gretchen L. Witt, Esq.